UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard R. Goecke,   Case No. 22-cv-3087 (KMM/DJF)

      Plaintiff,

v.   **ORDER**

3M Company,

      Defendant.

This matter is before the Court on Defendant 3M Company's Motion for Partial Judgment on the Pleadings. [Dkt. No. 14.] The Court held a hearing on April 19, 2023. For the reasons stated on the record, the Court orally granted the motion and issues this short order to summarize its findings.

Mr. Goecke sued his former employer, 3M, for disability and religious discrimination under state and federal law. 3M seeks judgment on the pleadings as to the two counts of disability discrimination, arguing that (1) Mr. Goecke did not exhaust his administrative remedies for the Americans with Disability Act claim; (2) he brought his claims after the statute of limitations ran for both the ADA and the Minnesota Human Rights Act; and (3) his complaint fails to plausibly allege that 3M regarded him as having a disability.

In ruling on 3M's motion for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court applies the same legal standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden v. Wal–*

1

*Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). The Court takes all reasonable inferences in Mr. Goecke's favor. *Id.*

The Court grants 3M's motion and dismisses Mr. Goecke's ADA claim due to failure to exhaust. Under the ADA, plaintiffs must exhaust administrative remedies by filing a charge with the Equal Employment Opportunity Commission before suing their employers. *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 919 (8th Cir. 2018). Courts are to construe the plaintiff's EEOC charge liberally and should consider claims "specifically raised" in the charge or those that are "reasonably related" to the enumerated claims. *Weatherly v. Ford Motor Co.*, 994 F.3d 940, 944–45 (8th Cir. 2021). Nevertheless, the Eighth Circuit has narrowed its view over time of what is reasonably related and made clear that courts may not invent a claim that was not raised to the EEOC. *Id.* at 944.

In Mr. Goecke's EEOC charge, he did not check the box for disability discrimination or mention disability discrimination in his narrative description of what happened. Even taking all reasonable inferences in his favor, the Court finds his ADA claim to be unexhausted. The Eighth Circuit and courts in this district have repeatedly dismissed claims due to lack of exhaustion where a box was not checked or a particular type of discrimination was not mentioned in the charge. *Id.*; *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 801 (8th Cir. 2011); *Yohannes v. Minnesota IT Servs.*, No. 21-CV-620 (PJS/ECW), 2022 WL 2788397, at *3 (D. Minn. July 15, 2022). Even if the Court were to construe the EEOC charge more liberally because Mr. Goecke was pro se at the time he filed it, a claim of disability discrimination could not "reasonably be expected" to follow from the scope of his EEOC charge describing only religious discrimination. *Weatherly*, 994 F.3d at 945 (8th Cir. 2021).

Mr. Goecke's charge did not put the EEOC or 3M on notice that he intended to bring a claim of disability discrimination. The Court dismisses his ADA claim on that basis.

Because the Court finds that his disability discrimination claims do not relate back to his EEOC charge, the first time that Mr. Goecke raised such claims was in his December 14, 2022 complaint. [*See* Dkt. No. 1.] The ADA requires a plaintiff to file a charge of discrimination within 300 days of the allegedly discriminatory act, and the MHRA requires a plaintiff to file a charge or sue within one year. 42 U.S.C. § 200e–5(e)(1); Minn. Stat. § 363A.28, subd. 3. The parties agree that the latest date the alleged discrimination occurred was on December 1, 2021, when Mr. Goecke chose to retire to avoid termination. [Dkt. No. 1. ¶ 25.] By raising a disability claim for the first time in his December 14, 2022 complaint, the Court finds that these claims under both the MHRA and ADA are untimely and dismisses both on that basis.

Because the Court has granted the motion to dismiss on other grounds, it is unnecessary to reach 3M's final argument that Mr. Goecke failed to plausibly allege that he was regarded as having a disability. However, the Court notes that Mr. Goecke at the hearing was unable to cite any authority that has accepted his argument that unvaccinated status alone can qualify as a perceived disability under the ADA.

For these reasons, and those stated at the hearing, Defendant's Motion for Partial Judgment on the Pleadings [Dkt. No. 14] is **GRANTED.**

Date: April 20, 2023               *s/ Katherine Menendez*
                                   Katherine Menendez
                                   United States District Judge